**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eric Todd SAXTON, Defendant—Appellant.**

**No. 01–50428.**

**D.C. No. CR–00–03205–NAJ.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 9, 2002.*

Decided Oct. 11, 2002.

Before REINHARDT, TROTT and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Eric Saxton appeals his convictions for importation of marijuana with intent to distribute in violation of 21 U.S.C. §§ 952 and 960, and possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), or aiding and abetting those crimes in violation of 18 U.S.C. § 2. Saxton contends that the district court violated Federal Rules of Evidence 401 and 403 by admitting expert testimony concerning the organizational structure of drug trafficking organizations. Because the facts are known to the parties, we will not recite them in detail except as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Saxton asserts that the district court's evidentiary ruling should be reviewed for an abuse of discretion, but because he failed to timely object to the expert testimony, we review for plain error. *United States v. Hanley,* 190 F.3d 1017, 1029 (9th Cir.1999). Under that test, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. *See United States v. Cotton,* —— U.S. ——, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). If all three conditions are met, an appellate court may then exer-

cise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Saxton argues that his convictions should be reversed because at trial U.S. Customs Agent Louie Garcia gave expert testimony on the structure of drug trafficking organizations that was irrelevant and prejudicial. Expert testimony of the structure of drug trafficking organizations is inadmissible in cases where, as here, the defendant was not charged with a conspiracy to distribute drugs. *See United States v. Pineda–Torres,* 287 F.3d 860 (9th Cir. 2002); *United States v. Vallejo,* 237 F.3d 1008, *as amended,* 246 F.3d 1150 (9th Cir. 2001). We have noted in those cases, however, that limited expert testimony on the structure of drug organizations would be relevant if the defendant opened the door by raising the lack of fingerprint evidence as probative of a lack of knowledge. *See Pineda–Torres,* 287 F.3d at 865–66; *Vallejo,* 237 F.3d at 1016 n. 3.

In this case, Saxton asked Agent Garcia on cross-examination whether fingerprints had been found on the drugs in order to prove that Saxton did not have knowledge of the drugs. Accordingly, Agent Garcia's limited testimony on the structure of drug organizations was admissible; it went "right to the heart" of Saxton's defense that there was no evidence that he knew the drugs had been in the motor-home. *See United States v. Murillo,* 255 F.3d 1169, 1177 (9th Cir.2001); *see also United States v. Alatorre,* 222 F.3d 1098, 1100 n. 3 (9th Cir.2000) ("The limited testimony admitted with regard to the structure and organization issue was proper because [the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

defendant] opened the door by raising the fingerprints issue.").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.